IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **BRIAN HART,** | * | |
| Plaintiff, | * | Case No.: GJH-22-1216 |
| v. | * | |
| **ANN E. CASEY,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Brian Hart brings this civil action against Defendant Ann E. Casey for one count of defamation. ECF No. 4. Pending before the Court is the United States of America's Motion to Substitute and Dismiss. ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Motion is granted.

**I.   BACKGROUND**

Plaintiff Hart alleges that he sought transfer from the Department of the Navy (the "Navy") to the United States Space Force. ECF No. 4 at 1.[1] In his Complaint, Plaintiff alleges that, on March 25, 2021, Defendant Casey defamed him by publishing a Navy memorandum that observed that Plaintiff "[k]nowingly provid[ed] misleading information to the Special Security Officer during the clearance submission and adjudication process." *Id.* Plaintiff asserts that the "entire statement is false and it refers to Plaintiff by name and was understood by those who read the statement." *Id.*

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

On March 25, 2022, Plaintiff filed his Complaint in the District Court of Maryland for Calvert County. *See* ECF No. 1; ECF No. 4. On May 20, 2022, Defendant removed the case to this Court based on a certification by the United States Attorney for the District of Maryland that Defendant was acting within the scope of her employment with the Navy at the time of the alleged defamation, pursuant to 28 U.S.C. § 2679(d).[2] ECF No. 1 ¶¶ 1, 6–7.

On May 31, 2022, the United States of America filed a motion to substitute the United States as the proper party defendant and dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 8. Plaintiff has not responded to the Motion to Dismiss.[3] Because Plaintiff filed *pro se*, he was sent a 12/56 Notice on June 6, 2022.[4]

## II. STANDARD OF REVIEW

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 Fed. App'x 960 (4th Cir. 2004). Once a challenge is made to subject matter jurisdiction, the plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

---

[2] The United States' Motion to Extend Time to Respond to Complaint, ECF No. 3, is granted.

[3] As this Court has previously noted, "when a plaintiff fails to oppose a motion to dismiss, a district court is entitled, as authorized, to rule on the ... motion and dismiss the suit on the uncontroverted bases asserted in the motion." *Weiler v. Town of Berwyn Heights, Maryland*, No. GJH-20-2582, 2021 WL 5053097, at *2 (D. Md. Oct. 29, 2021) (citation and internal marks omitted).

[4] A Rule 12/56 Notice advises a *pro se* plaintiff of his rights under Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 56.

The Court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (citation omitted). In ruling on a motion to dismiss under Rule 12(b)(1), the Court "should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Ferdinand-Davenport*, 742 F. Supp. 2d at 777 (quoting *Evans*, 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### III. DISCUSSION

Plaintiff alleges that Casey defamed him in a Navy memorandum. ECF No. 4 at 1. The Government argues that, because Casey was acting within the scope of her federal employment at the time of the alleged incident, the United States is the proper defendant. ECF No. 8-1 at 5. Further, the Government argues that "the United States enjoys sovereign immunity" as to a claim for defamation. *Id.* at 6. In addition, the Government asserts that Plaintiff failed to exhaust his administrative remedies before filing suit. *Id.* at 7–8. As noted above, Plaintiff has not replied to the Government's Motion to Substitute and Dismiss.

First, the Court addresses the issue of substitution. Plaintiff brought his suit against Casey; however, the Federal Tort Claims Act ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, confers "federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). Thus, the "exclusive" remedy for a tort committed by an employee of the United States, acting within the scope of his employment, is a suit against the United States. *See* 28 U.S.C. § 2679(b)(1).

3

Pursuant to the Act, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," any civil action in a state court shall be removed to a federal district court and the United States substituted as the party defendant. *Id.* § 2679(d)(2). "[T]hen the plaintiff's sole route for recovery is the Tort Claims Act." *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997).

Here, Casey has submitted a certification from the United States Attorney for the District of Maryland, which states that she "was acting within the scope of her employment as an employee of the United States at the time of the incidents out of which the Plaintiff's claims arose."[5] ECF No. 1-8 at 2. In its Motion to Substitute and Dismiss, the United States moved to substitute itself for Defendant Casey, based on the United States Attorney's certification. ECF No. 8-1 at 5. Therefore, the Court will instruct the Clerk to substitute the United States of America for Defendant Ann E. Casey and amend the docket accordingly.

Next, the Court considers whether sovereign immunity has been waived. Under the FTCA, the federal government has waived its sovereign immunity for certain negligent or wrongful acts or omissions of its employees acting in the scope of their federal employment. *See* 28 U.S.C. §§ 1346(b), 2671–2680. However, the United States and its agencies may not be sued in tort except as permitted by the FTCA, and the law contains several exceptions. Relevant here, the FTCA does not waive sovereign immunity for "[a]ny claim arising out of assault, battery, … libel, slander, misrepresentation, [or] deceit." 28 U.S.C. § 2680(h). Defamation falls under this rubric. *See Shirvinski v. United States Coast Guard*, 673 F.3d 308, 316 (4th Cir. 2012) (describing "FTCA's preservation of sovereign immunity against defamation actions").

---

[5] The United States Attorney for the District of Maryland has the authority to execute a certification on behalf of the Attorney General pursuant to 28 C.F.R. § 15.4. ECF No. 1 ¶ 6.

Accordingly, because "sovereign immunity deprives federal courts of jurisdiction to hear claims," this matter will be dismissed for lack of subject matter jurisdiction. *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)).

Additionally, under the FTCA, a court also lacks subject matter jurisdiction over a plaintiff's claims where a plaintiff has failed to exhaust his administrative remedies. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"); *Ferebee v. United States*, No. GJH-16-3482, 2017 WL 3141914, at *3 (D. Md. July 24, 2017) (holding same).

Here, the Government has provided a declaration from Randall D. Russell, Head of the Tort Claims Branch, Admiralty & Claims Division, with the Office of the Judge Advocate General for the Department of the Navy, stating that he "caused a search to be made of the records maintained within the Office of the Judge Advocate of the Navy; and the Tort Claims Unit, Norfolk, Virginia; to determine whether [Plaintiff] filed an administrative claim against the Department of the Navy." ECF No. 8-3 at 2–3. However, "all reasonable searches have failed to reveal that [Plaintiff] has filed such an administrative claim." *Id.* at 3. Nor has Plaintiff alleged that he filed an administrative claim.

Thus, Plaintiff also lacks subject-matter jurisdiction for this reason.

## IV. CONCLUSION

For the foregoing reasons, Defendant United States' Motion is granted, and the case is dismissed for lack of jurisdiction. A separate Order follows.

Date: <u>December 28, 2022</u>　　　　　　　　　__/s/_____
　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　United States District Judge